IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BETTY HUDSON** : | |
| v. : | |
| : | **CIVIL ACTION NO. 23-2908** |
| **AAA INSURANCE CO.** : | |
| **d/b/a CSAA GENERAL INSURANCE CO.,** : | |
| **et al.** : | |

**McHUGH, J.**                                                                                                                             **November 16, 2023**

**MEMORANDUM**

    This is an insurance dispute arising from a 2021 accident in which Plaintiff was struck by a motor vehicle while a pedestrian in a crosswalk. Plaintiff settled with the tortfeasor and sought underinsured benefits from her insurer, AAA Insurance Company, through which she insured a single vehicle. In asserting her underinsured claim, because she had elected "stacked" coverage, she contended that her limits of coverage should be doubled. Her carrier has rejected the claim, leading her to sue for breach of contract and common law fraud. Pl.'s Compl. at 4-6 (ECF 1, Ex. A). Her fraud claim is based on the premise that she has paid a premium for illusory coverage, because she contends there is no case where a carrier could be responsible to pay stacked benefits under a single vehicle policy. Plaintiff's position fails to comprehend the complexities of stacking under Pennsylvania law, and I will therefore grant the carrier's motion for judgment on the pleadings.

**I.    Legal Standard**

    To grant a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the movant must clearly establish that there are no material issues of fact, and that he is entitled to judgment as a matter of law. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005).

**II.   Discussion**

    Plaintiff alleges that Defendant committed fraud by selling her "stacked" insurance

coverage despite her only having one vehicle. Pl.'s Compl. at 6.[1] She claims that as a single-vehicle policyholder, she could not benefit from stacked coverage, and that Defendant concealed or misrepresented this fact to charge her the increased premiums for this coverage. *Id.*

In Pennsylvania, common law fraud consists of six elements: (1) a misrepresentation or concealment; (2) which is material to the transaction at hand; (3) made with knowledge of its falsity or recklessness as to its truth (for a misrepresentation), or calculated to deceive (for a concealment); (4) with intent to mislead another into reliance; (5) that causes justifiable reliance on the misrepresentation; and (6) results in an injury proximately caused by such reliance. *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 205 (3d Cir. 2022) (citing *Gibbs v. Ernst*, A.2d 882 (Pa. 1994)).

As a matter of law, Plaintiff's allegations cannot amount to fraud because insurers are not only permitted but *required* to offer stacked coverage in Pennsylvania, even to single-vehicle policyholders. And the assessment of premiums for stacked coverage of single vehicle policies has been endorsed by the Pennsylvania Insurance Department. The issue was squarely addressed in *In re Insurance Stacking Litigation*, 754 A.2d 702 (Pa. Super. Ct. 2000), where the plaintiffs argued that stacking premiums on single vehicle policies should be prohibited. The issue was certified to the Insurance Commissioner, who identified at least two situations in which a consumer could benefit from stacked coverage on a single-vehicle policy: "(1) where the insured is injured in his own vehicle insured with uninsured motorist coverage and is also covered as an insured under another policy providing uninsured motorist benefits, and (2) where the individual is injured in a vehicle other than his own insured vehicle and is an insured under the non-owned vehicle's

---

[1] "Stacking" is an insurance product that combines multiple coverages – usually by virtue of multiple vehicles insured under the same policy – to increase the total amount of coverage available to an insured.

2

policy, which also has uninsured motorist coverage (such as an employer's vehicle)." *Craley v. State Farm Fire & Cas. Co.*, 895 A.2d 530, 537 (Pa. 2006). This in turn led the Pennsylvania Supreme Court to accept that single-vehicle policyholders can "obtain a real benefit" from stacked coverage. *Id.*

Furthermore, "[s]ection 1738(a) of Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL) provides that stacked [uninsured/underinsured motorist] coverage 'is the default coverage available to every insured [for] all vehicles and all policies.'" *Berardi v. USAA Gen. Indem. Co.*, 606 F. Supp. 3d 158, 162 (E.D. Pa. 2022), *aff'd*, No. 22-2231, 2023 WL 4418219 (3d Cir. July 10, 2023) (citing *Gallagher v. GEICO Indem. Co.*, 201 A.3d 131, 137 (Pa. 2019)). By adopting the state Insurance Commissioner's interpretation of the statute, the Pennsylvania Supreme Court agreed that "an insurer *must* both provide stacking and the chance to waive that stacking coverage, even on single-vehicle policies." *Jones v. GEICO Choice Ins. Co.*, 617 F. Supp. 3d 275 (E.D. Pa. 2022), *aff'd sub nom. Berardi*, 2023 WL 4418219 (emphasis added) (summarizing *Craley*, 895 A.2d at 539-40).

Necessarily, this interpretation of Pennsylvania law vitiates Plaintiff's fraud claim, both because the carrier was required to offer the coverage, and because doing so conformed with guidance from the Insurance Department. Given the narrow range of circumstances under which an insured would ever benefit from such coverage, it likely represents a windfall profit for auto carriers. Nonetheless, the issuance of such coverage has been specifically endorsed by the state regulating authority. The carrier is therefore entitled to judgment on the pleadings as to Count II of the Complaint advancing a claim of fraud.

/s/ Gerald Austin McHugh
United States District Judge